THE ATTORNEY GENERAL HAS DIRECTED ME TO RESPOND TO YOUR RECENT REQUEST FOR LEGAL ADVICE FROM THIS OFFICE ASKING, IN EFFECT, WHETHER STATE AGENCIES WHOSE COMMISSIONERS AND DIRECTORS COMPRISE THE OKLAHOMA HAZARDOUS MATERIALS EMERGENCY RESPONSE COMMISSION (OHMERC) HAVE THE AUTHORITY TO CHARGE FEES FOR SERVICES PROVIDED BY OHMERC IN ITS EFFORTS TO COMPLY LITH TITLE III OF THE SUPERFUND AMENDMENTS AND REAUTHORIZATION ACT (SARA)?
BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CLEARLY CONTROLLING STATUTES AND CASE LAW AUTHORITY, AND BECAUSE YOU DO NOT SPECIFICALLY REQUEST ONE, THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NEITHER DESIRABLE NOR NECESSARY. THE DISCUSSION WHICH FOLLOWS IS THEREFORE, NOT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL. IT REPRESENTS THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
I HAVE STUDIED THE ACTS CREATING AND EMPOWERING TWO OF THE AGENCIES ABOUT WHICH YOU INQUIRE — THE STATE DEPARTMENT OF POLLUTION CONTROL (82 O.S. 932, ET SE.) AND THE DEPARTMENT OF CIVIL DEFENSE (63 O.S. 683.2, ET SEQ.). I HAVE FOUND NO EXPRESS AUTHORITY GIVEN BY STATUTE WHICH WOULD ALLOW THESE AGENCIES TO CHARGE FEES FOR SERVICES RENDERED TO THE PUBLIC. NOR DOES ANY STATUTE FAIRLY IMPLY THAT AUTHORITY. BOARDS CREATED BY STATUTE MAY ONLY EXERCISE THE POWERS GRANTED BY STATUTE. BOYDSTON V. STATE, 2,7 P.2D 133, 142 (OKLA. 1954). AN OFFICER OR AGENCY HAS SUCH POWERS AS ARE NECESSARY FOR THE DUE AND EFFICIENT EXERCISE OF THE POWERS EXPRESSLY GRANTED OR AS ARE FAIRLY IMPLIED BY THE STATUTE GRANTING THE EXPRESS POWERS. MARLEY V. CANNON, 618 P.2D 401, 405 (1980)
HOWEVER, I WOULD POINT OUT THAT WITH RESPECT TO THE THIRD AGENCY, THE STATE BOARD OF HEALTH, THE LEGISLATURE HAS AUTHORIZED THE ESTABLISHMENT OF A SYSTEM OF FEES, TO BE CHARGED FOR ENVIRONMENTAL AND OTHER HEALTH SERVICES WITHIN THE RANGE OF TWENTY FIVE ($25.00) DOLLARS TO TWO HUNDRED FIFTY ($250.00) DOLLARS PURSUANT TO 63 O.S. 1-106.1 (1989). WHETHER THAT AUTHORITY IS SUFFICIENTLY BROAD TO COVER THE TYPE OF FEE ABOUT WHICH YOU INQUIRE IS AN OPEN QUESTION WHICH SHOULD BE ADDRESSED IN CONJUNCTION WITH LEGAL COUNSEL FOR THE DEPARTMENT OF HEALTH. OF COURSE, CORRECTIVE LEGISLATION IS THE SAFEST APPROACH TO ADDRESS THE CONCERNS YOU HAVE RAISED.
THE ONLY APPARENT LAWFUL MEANS OF TRANSFERRING FUNDS BETWEEN AGENCIES IS VIA INTERAGENCY CONTRACTS ENTERED INTO PURSUANT TO 74 O.S. 581 (1989). HOWEVER, ANY SUCH CONTRACT MUST BE SUPPORTED BY ADEQUATE CONSIDERATION AS PROVIDED FOR IN 74 O.S. 581. THEREFORE, THE LIKELIHOOD THAT AN INTERAGENCY CONTRACT COULD BE FORMED BETWEEN THE STATE BOARD OF HEALTH AND OHMERC IS REMOTE. THE PROPRIETY OF SUCH A CONTRACT IN THE CIRCUMSTANCES ABOUT WHICH-YOU INQUIRE WOULD REQUIRE ADDITIONAL DISCUSS ON AMONG THE VARIOUS AGENCIES.
(SHERIDAN A. MCCAFFREE)